**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO SUPPLEMENTAL RETIREMENT FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND | ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| PATH CONSTRUCTION COMPANY, INC. | ) ) | |
| Defendant. | ) | |

## *COMPLAINT*

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of Whitfield McGann & Ketterman, complaining of the Defendant, Path Construction Company, Inc., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice Training Fund (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, successor of the Chicago and

Northeast Illinois District Council of Carpenters, (the "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement.

4. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Declarations of Trust which created the Trust Funds (the "Trust Agreements").

5. Pursuant to the provisions of Article 3.4 of the Collective Bargaining Agreement, the Defendant assumes "the obligations of any subcontractor to the extent of Carpenter labor employed on work under contract with the Employer for prompt payment of the Employee's Wages, Health and Welfare, Pension and Apprentice Training Contributions, including reasonable attorney's fees incurred in enforcing the provisions hereof, provided the subcontractor is not bonded as provided for in Article XV hereof."

6. The Defendant subcontracted carpentry work to Otis Construction, Inc. at the Detention Center Security Post located at 2700 South California Avenue in Chicago, Illinois. Otis Construction, Inc. was not properly bonded during the time that Otis Construction, Inc. performed this subcontract work for the Defendant. Accordingly, the Defendant is liable for $33,105.65 in benefit contributions under Article III for work performed by Otis Construction, Inc. at the Detention Center Security Post.

7. The Defendant subcontracted carpentry work to Otis Construction, Inc. at the NEIU Alumni Hall Renovation project located at 5500 North St. Louis Avenue in Chicago, Illinois. Otis Construction, Inc. was not properly bonded during the time that Otis Construction, Inc. performed this subcontract work for the Defendant. Accordingly, the Defendant is liable for $39,241.26 in benefit contributions under Article III for work performed by Otis Construction, Inc. at the NEIU Alumni Hall Renovation project.

8. The Defendant subcontracted carpentry work to Otis Construction, Inc. at the UIC Repurpose Student Center project located at 750 South Halsted in Chicago, Illinois. Otis Construction, Inc. was not properly bonded during the time that Otis Construction, Inc. performed this subcontract work for the Defendant. Accordingly, the Defendant is liable for $15,840.21 in benefit contributions under Article III for work performed by Otis Construction, Inc. at the UIC Repurpose Student Center project.

9. The Defendant subcontracted carpentry work to Otis Construction, Inc. at the Chicago Read Mental Health Facility project located at 4200 North Oak Park Avenue in Chicago, Illinois. Otis Construction, Inc. was not properly bonded during the time that Otis Construction, Inc. performed this subcontract work for the Defendant. Accordingly, the Defendant is liable for $2,210.39 in benefit contributions under Article III for work performed by Otis Construction, Inc. at the Chicago Read Mental Health Facility project.

10. Plaintiffs have complied with all conditions precedent in bringing this suit.

11. Plaintiffs retained the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

12. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendant is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

13. Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

14. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    (a)    double interest on the unpaid contributions; or

    (b)    interest plus liquidated damages provided for under the Trust Agreements.

WHEREFORE, Plaintiffs pray:

    A.    That the Defendant be required to pay fringe benefit contributions to the Trust Funds in the amount of $90,397.51 for work performed by Otis Construction, Inc. on the four specific jobsites listed in the pleading because the subcontractor was improperly bonded.

    B.    That the Defendant be ordered to pay double interest or interest plus liquidated damages on the amount that is due.

    C.    That the Defendant be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

 

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al.

By:   s/Travis J. Ketterman
_____
TRAVIS J. KETTERMAN

Travis J. Ketterman
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 251-9700
August 26, 2014