IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO SUPPLEMENTAL RETIREMENT FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, | ) ) ) ) ) ) ) ) ) | Case No. 14 C 6572 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PATH CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Path Construction Company, Inc. ("Path") has filed its Answer to the ERISA-based Complaint brought against it by several employee benefit funds (collectively "Trust Funds"). This memorandum order is issued sua sponte because of a number of problematic aspects of that responsive pleading.

To begin with, Answer ¶ 1 is nonresponsive to the corresponding paragraph of Trust Funds' Complaint. That nonresponsiveness is unacceptable because Complaint ¶ 1 contains the jurisdictional allegation that is essential to a federal court's involvement in a lawsuit, and this Court must be apprised of any dispute in that respect. Accordingly Answer ¶ 1 is stricken, and Path's counsel are ordered to provide a proper response as part of the do-over required by this memorandum order.

Next, Answer ¶¶ 2 and 11 seek to invoke the disclaimer that is permitted pursuant to Fed. R. Civ. P. ("Rule") 8(b)(5), but then counsel go on to add "and therefore denies all allegations

contained in Paragraph No. --. " It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Then, consistent with counsel's penchant for advancing an overly broad (and hence inappropriate) use of the denial of Trust Funds' allegations, Answer ¶ 3 denies that Path "is an employer engaged in an industry affecting commerce." That is of course untrue, and it is only symptomatic of the too-close-to-the-vest approach that pervades the Answer. In that respect this Court should not be required to do counsel's work for them, and it will not -- suffice it to say that all of Answer ¶¶ 4 through 9 obviously need reworking to make them properly responsive to the Complaint's allegations. Moreover, Answer ¶ 10 is unsatisfactory in having denied Trust Funds' compliance with conditions precedent to bringing suit without fleshing out why that is so.[1]

Ironically, unlike the more frequently encountered situation in which other defense counsel assert affirmative defenses that simply parrot (without further explaining) items on Rule 8(c)'s laundry list, here Path's affirmative defenses certainly comply with notice pleading principles. Hence this Court strikes the Answer itself, with leave granted to file an appropriate self-contained Amended Answer on or before November 19, 2014, but without having to repeat the existing affirmative defenses.

_____
Milton I. Shadur
Date: November 6, 2014         Senior United States District Judge

---

[1] All federal practitioners ought to recognize that the purpose of a notice pleading regime is to identify in just what respects the parties are or are not on the same page, and that calls for transparency on both sides of the "v." sign.